KNOLL, Judge.
MOTION TO DISMISS
The plaintiff-appellee, the State of Louisiana, through the Department of Social Services, moves to dismiss the appeal of defendant-appellant, Lisa Cowans, on the ground that the appeal was untimely taken. This case involves the termination of parental rights of defendant-appellant. Following a trial held on August 4, 1988, judgment was rendered by the trial court terminating the parental rights of defendant-appellant. The judgment was reduced to writing and signed by the trial court on August 23, 1988. According to the Notice of Appeal, a motion for appeal was made on September 8, 1988 by defendant-appellant and a order of appeal was entered on September 9, 1988.
La.R.S. 13:1601 is the authority by which a petition for termination of parental rights is filed. Under La.R.S. 13:1604, a parent is granted the right to suspensively appeal from an adverse ruling in a termination of parental rights proceeding. While granting a right of suspensive appeal, La.R.S. 13:1604 does not indicate a time period within which the right to appeal must be exercised.
The Code of Juvenile Procedure vests exclusive original jurisdiction over proceedings for the termination of parental rights in juvenile courts. La.CJ.P. Art. 17. Article 97 of the La.C.J.P. provides:
“In cases in which a child is adjudicated to be a delinquent, in need of supervision, or in need of care, an appeal may be taken only from a judgment of disposition, and shall be to the appropriate court of appeal.”
The appeal must be taken within fifteen (15) days from the entering of the judgment of disposition. La.CJ.P. Art. 99. Article 103 of the La.CJ.P. allows for a sus-pensive appeal from a judgment of disposition only when the trial court or court of appeals directs that the appeal be suspen-sive.
The provisions of the La.C.J.P. cited above were enacted in 1978. The sections of Title 13 of the revised statutes dealing with termination of parental rights were added in 1974. La.R.S. 13:1600-1604 deal specifically with termination of parental rights and provide that a parent may sus-pensively appeal an adverse ruling although no time period for taking the appeal is provided. Article 97 of the La.CJ.P. lists three types of cases from which an appeal may be taken. A case involving the termination of parental rights is not listed in La.CJ.P. Art. 97 as one from which an appeal may be taken.
In Juneau v. Avoyelles Parish Police Jury, 482 So.2d 1022 (La.App. 3rd Cir.1986) this court stated:
“The legislature is presumed to have enacted each statute with deliberate and full knowledge of all existing laws on the same subject. A particular statutory provision should be construed along with the remainder of the statute and in connection with all laws on the same subject matter.”
When the legislature enacted the Code of Juvenile Procedure, they are presumed to have had knowledge of the existence of La.R.S. 13:1600-1604 dealing specifically with termination of parental rights. If the legislature intended the fifteen (15) day time period in Art. 99 of the La.C.J.P. to apply to the termination of parental rights, they presumably would have listed termination of parental rights in Art. 97 of the La.C.J.P. which provides for the appeal of judgments. Another point to be made is that La.R.S. 13:1604 provides for a suspen-sive appeal, whereas, Art. 103 of the La.C. J.P. allows for a suspensive appeal only if the trial court or appeal court directs the *563 appeal be suspensive. Therefore, it must be presumed the legislature would have corrected this inconsistency if they deemed it as such.
As La.R.S. 13:1604 does not provide a time limit within which the suspensive appeal may be taken, the ordinary delays applicable to suspensive appeals in civil matters should be applied. This appeal was taken well within the 30 day time period provided in La.C.C.P. Art. 2123.
Another basis for concluding this motion to dismiss should be denied is the language in Art. 17 of the Code of Juvenile Procedure. In paragraph A of Art. 17 it is stated “A court exercising juvenile jurisdiction shall have exclusive original jurisdiction, in conformity with any special rules prescribed by law, in the following cases:”. La.R.S. 13:1604, which provides the right of suspensive appeal in termination of parental rights, should be considered a special rule prescribed by law because the C.J.P. provides for suspensive appeals only when the trial court or appeal court directs.
A final basis for concluding this motion to dismiss should be denied will now be briefly discussed. In 1974 at the time La. R.S. 13:1604 was added, La.R.S. 13:1591 (repealed by Acts 1978, No. 172) provided in pertinent part, “Appeals from any final judgment of a juvenile court must be taken within fifteen days after said judgment is signed ...”. La.R.S. 13:1604 while providing for suspensive appeals in termination of parental rights cases, provides no time limit within which the appeal must be taken. Given the presumption of knowledge on the legislature's part as set forth in Juneau, supra, it must be presumed had the legislature intended the 15 day time limit then existing in La.R.S. 13:1591 to apply to termination of parental rights cases they would have stated that intention when adding La.R.S. 13:1604 in 1974.
For the above reasons, the motion to dismiss the appeal is denied.
MOTION DENIED.